UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-177-FDW

| | |
|---|---|
| FLOYD JUNIOR POWELL, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> JOSEPH L. LEDFORD, ) </br> Attorney; JAMES P. ) </br> MCLOUGHLIN, Attorney, ) </br> ) </br> Defendants. ) </br> _____ ) | ORDER |

**THIS MATTER** is before the Court on an initial review of the pro se civil rights complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983, and Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). For the reasons that follow, this action will be dismissed.

On March 7, 2001, Plaintiff was convicted in this district on one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (Count One), and one count of possession with intent to distribute cocaine base, and aiding and abetting the same, all in violation of 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2 (Count Seven). Petitioner was sentenced to concurrent terms of 240-months' imprisonment. In addition, the Court entered a judgment which forfeited certain property that Plaintiff claimed an interest in to the United States, which included real property located in Conover, North Carolina, a small sum of cash and several vehicles. (5:99-cr-12-RLV-6, Doc. No. 296: Judgment; Doc. No. 366: Order Confirming Forfeiture of Property (Final Order)). Petitioner's judgment was affirmed in all respects on appeal. United States v. Powell, 38 F. App'x 140 (4th Cir.), cert. denied, 536 U.S. 912 (2002).

1

After his judgment became final, Petitioner embarked on a seemingly endless journey in this district in an effort to obtain collateral relief from his judgment. Each of the civil actions – whether labeled as a § 2255 motion or otherwise – were denied and the Fourth Circuit has dismissed all of his appeals. See (5:01-cv-127-RLV; 5:02-cv-138-RLV; 5:05-cv-14-RLV; 5:12-cv-108-RLV; 5:13-cv-30-RLV; 5:14-cv-7-RLV; 5:14-cv-94-RLV).

Plaintiff also filed numerous civil rights complaints naming various individuals as defendants and seeking, among other things, to attack the criminal forfeiture order and the validity of his federal drug convictions. See (5:07-cv-121-GCM (dismissed for failure to state a claim pursuant 28 U.S.C. § 1915A(b)(1)); 5:09-cv-4-GCM (dismissed for reasons stated in 5:07-cv-121); 5:09-cv-126-GCM (same); & 5:11-cv-38-RJC (dismissing for three strikes under 28 U.S.C. § 1915(g)). In each of these cases Plaintiff filed an application to proceed *in forma pauperis*; Plaintiff was a prisoner of the United States; each of the cases were dismissed for failure to state a claim or as frivolous; and all of these cases are final.

In the present complaint, Plaintiff has targeted new defendants, this time two attorneys that represented him during his criminal proceeding in 5:99-cr-12-RLV-6. Plaintiff contends that the defendants' representation caused him to suffer numerous constitutional and civil rights violations and that the attorneys were acting under color of state law during their representation. (5:14-cv-177-FDW, Doc. No. 1 at 3). Plaintiff plows familiar ground in this complaint as he is again attacking the validity of his convictions and the propriety of the criminal forfeiture. After reviewing the allegations in the complaint, the Court finds that it must be dismissed under the provisions of the Prisoner Litigation Reform Act which provides, in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

2

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff does not make a case that he is under imminent risk of serious physical injury. Additionally, Plaintiff is still a federal prisoner and he is applying to proceed *in forma pauperis*. However, based on his history of filings in this district, the Court finds that Plaintiff is prohibited from proceeding with this civil complaint unless he can pay the full filing fee is this matter. Based on the foregoing, the Court finds that this civil action should be dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED without prejudice.** (Doc. No. 1).

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: November 3, 2014

Frank D. Whitney
Chief United States District Judge

3